UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDICIA HARDNETT
and
WILBERT A. HARDNETT,

      Plaintiffs,

v.                                   Civil Action No. 3:15cv622

M&T BANK
and
ATLANTIC LAW GROUP,

      Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6)[1] filed by Defendant M&T Bank. (ECF No. 4). Plaintiffs Fredicia

Hardnett and Wilbert A. Hardnett (collectively, the "Hardnetts"), proceeding *pro se*, responded,

and M&T Bank replied.[2] (ECF Nos. 7, 8.) The matter is ripe for disposition. The Court

exercises jurisdiction pursuant to 28 U.S.C. § 1332.[3] The Court dispenses with oral argument

---

[1] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim
upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] M&T Bank provided the Hardnetts with appropriate notice pursuant to *Roseboro v.
Garrison*, 528 F.2d 309 (4th Cir. 1975). (Mot. Dismiss 2, ECF No. 4.)
    Defendants Atlantic Law Group and John Does 1–10 have not made appearances in this
matter. Although a summons may have issued to Atlantic Law Group (*see* ECF No. 2), nothing
indicates service. The Court will order the Clerk to begin its process of abatement regarding
service on Atlantic Law Group and John Does 1–10. (*See infra* Part IV.)

[3] Section 1332 confers subject matter jurisdiction when the parties are diverse and the
amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For purposes of diversity
jurisdiction, the Hardnetts are citizens of Maryland; M&T Bank is a citizen of New York; and,
Atlantic Law Group is a citizen of Virginia. The Complaint seeks damages in excess of
$1,000,000. No party has disputed that this Court has subject matter jurisdiction.

because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will grant the Motion to Dismiss. (ECF No. 4.)

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570;

2

Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

M&T Bank attaches a May 4, 2007 deed of trust (the "Deed of Trust"), a February 11, 2013 assignment of the Deed of Trust (the "Assignment"), and a 2010 bankruptcy petition filed by the Hardnetts in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Petition"). (ECF No. 5-1.) No party contests the authenticity of these documents. The Hardnetts do not mention the Bankruptcy Petition, or the facts contained therein, in any of

3

their filings.[4] However, the Hardnetts do refer to both the Deed of Trust and the Assignment in the Complaint. Deeming these two documents central to the claims, the Court will consider the Deed of Trust and the Assignment. *See Witthohn*, 164 F. App'x at 396–97 (citations omitted).

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## II. Procedural and Factual Background

### A.     Summary of Allegations in the Complaint[5]

The Hardnetts own a house at 17501 Owens Landing Road, King George, Virginia 22485 (the "Property"). On May 4, 2007, the Hardnetts entered into a mortgage loan with K Bank to purchase the Property. The Deed of Trust secured the loan. On February 11, 2013, the Federal Deposit Insurance Corporation, as receiver for K Bank, assigned its interest under the Deed of Trust to M&T Bank, which now claims ownership over the Deed of Trust. On February 20, 2013, a New York notary stamped the assignment.

---

[4] M&T Bank appears to include the Bankruptcy Petition to demonstrate that the Hardnetts use the Property as an investment, not as a primary residence. M&T Bank fails to articulate the relevance of this fact. The Court will not consider the Bankruptcy Petition when analyzing the Motion to Dismiss.

[5] For purposes of this motion, the Court assumes the well-pleaded factual allegations in the Complaint to be true and views them in the light most favorable to the Hardnetts. *See Matkari*, 7 F.3d at 1134.

The Complaint lacks focus and the Hardnetts' claims are difficult to deconstruct. Essentially, the Hardnetts contend that defendants M&T Bank and the Atlantic Law Group (collectively, the "Defendants") engaged in wrongful conduct by scheduling a foreclosure sale for October 20, 2015.[6] The Hardnetts do not dispute that they defaulted on their loan, instead attempting to void their debt in various ways. The Complaint does not follow a linear pattern and does not list causes of action. However, heeding the obligation to construe the Complaint liberally, the Court interprets the Complaint to raise six claims:

| | | |
|---|---|---|
| Count I: | Wrongful foreclosure because of an improper assignment of the Deed of Trust and securitization of the loan; | |
| Count II: | Fraud based on statements by the Defendants' representatives that the foreclosure sale would be canceled while a loan modification was pending; | |
| Count III: | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1592, *et seq.* ("FDCPA"); | |
| Count IV: | Breach of contract for violations of the Home Affordable Modification Program ("HAMP"); | |
| Count V: | Injunction to prevent foreclosure; and, | |
| Count VI: | Declaratory Judgment that the foreclosure sale is "[w]rongful in letter and spirit," (Compl. ¶ 42). | |

---

[6] M&T Bank states that the foreclosure sale occurred. However, the Hardnetts set forth no facts showing that the foreclosure actually happened, only that it was scheduled. Indeed, in their December 20, 2015 Response to the Motion to Dismiss, they attach a copy of a letter from Fredicia Hardnett directed to Atlantic Law Group purporting to cancel the sale. (Resp. Mot. Dismiss Ex. 1, ECF No. 7-1.) The Court cannot find that a foreclosure sale occurred.

B.    **Procedural History**

On October 19, 2015, the Hardnetts filed their Complaint in this Court, which generously discerns it as articulating the six claims outlined above. The Hardnetts seek the following relief: (1) damages of not less than $1,000,000; (2) injunctive relief to protect or grant relief from the foreclosure sale; and, (3) a declaration that the foreclosure against the Property is "[w]rongful in letter and spirit." (Compl. ¶¶ 23, 31, 33, 41, 43.)

In response to the Complaint, M&T Bank filed its Motion to Dismiss. (ECF No. 4.) The Hardnetts responded to the motion. (ECF No. 7.) M&T Bank filed a reply in support of its Motion to Dismiss. (ECF No. 8.) The matters are ripe for disposition. For the reasons that follow, the Court will grant M&T Bank's Motion to Dismiss. (ECF No. 4.) The Court will further order the Clerk to send a notice to the Hardnetts regarding a lack of service upon defendants Atlantic Law Group and John Does 1–10.

### III.  Analysis: Motion to Dismiss

At base, the Hardnetts contend that the scheduled foreclosure on the Property was unlawful. To recover their losses for the alleged failures, they bring various claims against M&T Bank, Atlantic Law Group, and John Does 1–10.

A.    **The Hardnetts Fail to State a Claim for Wrongful Foreclosure**

The Hardnetts fail to state a claim for wrongful foreclosure because Virginia law[7] does not recognize such a cause of action. Further, the Hardnetts have no standing to challenge the basis for their wrongful foreclosure claim, namely, the assignment of the Deed of Trust and securitization of the loan.

---

[7] A court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).

### 1. Virginia Does Not Recognize a Cause of Action for Wrongful Foreclosure

As an initial matter, no cause of action for "wrongful foreclosure" exists in Virginia. *Grenadier v. BWW Law Grp.*, No. 1:14cv827, 2015 WL 417839, at *8 (E.D. Va. Jan. 30, 2015) ("There is no independent cause of action in Virginia for 'wrongful foreclosure' . . . ."), *aff'd*, 612 F. App'x 190 (4th Cir. 2015); *Hein Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure.") (citing *Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11cv62, 2012 WL 204288, at *8 (W.D. Va. Jan. 24, 2012)). The Hardnetts' passing mention of this cause of action cannot support a plausible claim. Nonetheless, in a liberal construction of the Complaint, the Court examines the basis on which the Hardnetts appear to rest their "wrongful foreclosure" claim: the assignment of the Deed of Trust and securitization of the loan.

### 2. The Hardnetts Lack Standing to Challenge Assignment of the Deed of Trust or Securitization of the Loan

The Hardnetts lack standing to challenge the assignment of the Deed of Trust or the securitization of the loan. First, the Hardnetts have no standing to dispute the assignment of the Deed of Trust based on alleged improper notarization on the document and a failure to publicly record the assignment. They are neither parties to the assignment nor the intended beneficiaries of the assignment. *Bennett v. Bank of Am., N.A.*, No. 3:12cv34, 2012 WL 1354546, at *7 (E.D. Va. Apr. 18, 2012) (noting that "the validity of the assignment does not affect *whether* [a] [b]orrower owes its obligations, but only *to whom* [a] [b]orrower is obligated" (alterations in original) (citation omitted)); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F. Supp. 2d 153, 161 (W.D. Va. 2011), *aff'd*, 512 F. App'x 336 (4th Cir. 2013). Because the Hardnetts lack standing to challenge the assignment of the Deed of Trust, any claim based on such assignment fails.

Second, the Hardnetts lack standing to challenge the securitization of the loan because they are not a party to any securitization agreement. *Grenadier*, 2015 WL 417839, at \*5 (citing *Figueroa v. Deutsche Bank Nat'l Tr. Co.*, No. 1:13cv591 (E.D. Va. July 10, 2013), *aff'd*, 548 F. App'x 85 (4th Cir. 2013)). Further, regardless of a lack of standing, courts have rejected the argument that securitization of a loan renders the loan unenforceable. *Id.* (citing *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010), *aff'd*, 442 F. App'x 816 (4th Cir. 2011)); *Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp. 2d 877, 880 (E.D. Va. 2012) (citation omitted). Because the Hardnetts lack standing to challenge any securitization of the loan, they fail to state a claim for wrongful foreclosure on this basis. The Court will dismiss Count I of the Complaint against M&T Bank.

**B.    The Hardnetts Fail to State a Claim for Fraud Because They Do Not Meet the Heightened Pleading Standard for Fraud**

The Hardnetts fail to state a claim for fraud because the Complaint does not meet the heightened standard for fraud under federal law. The Court will dismiss Count II.

### 1.    Standard for Pleading Fraud

Under Virginia law, a claim for fraud requires: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, [and] (5) reliance by the party misled, . . . (6) resulting [in] damage to [that] party." *Bennett*, 2012 WL 1354546, at \*6 (alterations and omissions in original) (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005)). Additionally, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These circumstances are the "'time, place[,] and contents of the false representation, as well as the identity of the person making the misrepresentation and what he [or she] obtained

thereby.'" *Bennett*, 2012 WL 1354546, at *7 (quoting *Kellogg Brown & Root, Inc.*, 525 F.3d at 379).

### 2. The Hardnetts Fail to Meet the Heightened Pleading Standards to State a Claim for Fraud

The Hardnetts fail to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applicable to fraud claims because the Complaint lacks "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted); Fed R. Civ. P. 9(b). The Complaint merely states that some unknown representatives of the Defendants "assured the Plaintiffs that they would not proceed" with the foreclosure sale during a loan review process. (Compl. ¶ 24.) The Complaint is devoid of "the who, what, when, where, and how" of M&T Bank's fraud. *Wilson*, 525 F.3d at 379 (citation omitted). Even were the Hardnetts subject to the usual pleading standard under Rule 8, they fail to state facts showing a single false representation of a material fact, a deficiency fatal to a claim for fraud under Virginia law. *Bennett*, 2012 WL 1354546, at *6 (citing *Remley*, 618 S.E.2d at 321). The Court will grant the Motion to Dismiss Count II against M&T Bank.

### C. The Hardnetts Fail to State a Claim Under the FDCPA Because M&T Bank Is Not a "Debt Collector"

The Hardnetts fail to state a claim under the FDCPA because they do not allege facts to plausibly show that M&T Bank is a "debt collector," a necessary element of an FDCPA claim.

## 1.     The FDCPA Only Addresses Actions by Debt Collectors

"'The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage.'" *Lembach v. Bierman*, 528 F. App'x 297, 301 (4th Cir. 2013) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). To prevail on an FDCPA claim, a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and, (3) the defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt. *See Moore v. Commonwealth Trs., LLC*, No. 3:09cv731, 2010 WL 4272984, at *2 (E.D. Va. Oct. 25, 2010) (citing *Blagogee v. Equity Trs., LLC*, No. 1:10cv13, 2010 WL 2933963, at *5 (E.D. Va. July 26, 2010)); *see also* 15 U.S.C. § 1692e.

As to the second element of an FDCPA claim, the statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This language distinguishes a "debt collector," which collects the debts due to another, from a "creditor," which seeks to collect on its own debts. *See Klar v. Fed. Nat'l Mortg. Ass'n*, No. 3:13cv462, 2014 WL 412533, at *7 (E.D. Va. Feb. 3, 2014); *Giovia v. PHH Mortg. Corp.*, No. 1:13cv577, 2013 WL 6039039, at *7 (E.D. Va. Nov. 13, 2013); *Blick v. Wells Fargo Bank, N.A.*, No. 3:11cv81, 2012 WL 1030137, at *7 (W.D. Va. Mar. 27, 2012) (citing *Ruggia*, 719 F. Supp. 2d at 648), *aff'd*, 475 F. App'x 852 (4th Cir. 2012).

10

## 2.     M&T Bank Is Not a "Debt Collector" Under the FDCPA

The Hardnetts allege no facts to show that M&T Bank is a "debt collector" under the meaning of the term in the FDCPA.  Instead, the Complaint, the Assignment, and the Deed of Trust make clear that M&T Bank holds the status of creditor because it seeks the collection of debts owed to it by virtue of its status as holder in due course of the Deed of Trust.  (Compl. ¶ 9, Assignment, at 1; Deed of Trust, at 1.)   The FDCPA does not create a cause of action against creditors.  *Klar*, 2014 WL 412533, at *7 ("The FDCPA only imposes liability on businesses or groups whose 'principal purpose . . . is the collection of any debts.'  This generally excludes 'creditors, mortgagors, and mortgage servicing companies.'" (quoting 15 U.S.C. § 1692a(6); *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003), *aff'd*, 67 F. App'x 238 (4th Cir. 2003)); *see also Jesse*, 882 F. Supp. 2d at 879 (citation omitted) ("[M]ortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."); *Schmidt v. Wells Fargo Home Mortg.*, No. 3:11cv59, 2011 WL 1597658, at *4 (E.D. Va. Apr. 26, 2011).

"As many courts have held, a servicer of a loan such as [M&T Bank] is not a 'debt collector' under the FDCPA, and [the Hardnetts'] claims against it fail for that reason." *Blick*, 2012 WL 1030137, at *7.[8]  Without showing that M&T Bank is a debt collector under the FDCPA, the Hardnetts fail to "allege facts sufficient to state all the elements" of an FDCPA claim.  *See Bass*, 324 F.3d at 765 (citations omitted).  The Court will dismiss Count III of the Complaint against M&T Bank.

---

[8] "Furthermore, the FDCPA exempts from its requirements debt collection activity that 'concerns a debt that was not in default at the time it was obtained by such person.'" *Schmidt*, 2011 WL 1597658, at *4 (quoting 15 U.S.C. § 1692a(6)(F)(iii)); *accord Klar*, 2014 WL 412533, at *7–8.  The Hardnetts plead no facts to show that they were not in default in 2013 when M&T Bank acquired the Deed of Trust.  Thus, the "FDCPA does not apply to their claims." *Schmidt*, 2011 WL 1597658, at *4.

**D.     The Hardnetts Fail to State a Claim for Breach of Contract Because They Do Not Allege Plausible Facts to Support Each Element of that Claim**

The Hardnetts have not stated a claim for breach of contract because they do not "allege facts sufficient to state all the elements" of the claim, including the existence of a legally enforceable contract. *See Bass*, 324 F.3d at 765 (citations omitted).

### 1.     Standard for Breach of Contract Under Virginia Law

To state a claim for breach of contract under Virginia law, a plaintiff must plausibly allege in federal court: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and, (3) an injury or harm caused by the defendant's breach. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).

### 2.     HAMP Does Not Support a Cause of Action for Breach of Contract

As a matter of law, the existence of a pending HAMP application does not entitle a homeowner to the postponement or cancellation of a foreclosure sale. *Condel v. Bank of Am., N.A.*, No. 3:12cv212, 2012 WL 2673167, at *6 (E.D. Va. July 5, 2012). The Hardnetts appear to claim that the scheduling of the foreclosure sale violates federal HAMP Supplemental Directive No. 09-01.[9] (Compl. ¶¶ 19, 27–32.) The Hardnetts argue that HAMP constitutes a "[w]ritten [c]ontract between the Federal Government and the Defendants." (Compl. ¶ 32.) Notwithstanding the Hardnetts' lack of standing to challenge a contract to which they are not a party, (*see supra* Part III.A.2), federal courts have repeatedly and resoundingly held that "a lender's violation of HAMP regulations does *not* create a private right of action for borrowers." *Condel*, 2012 WL 2673167, at *6; *accord, e.g., Johnson v. Bank of Am. N.A.*, No. 4:12cv105, 2012 WL 6052044, at *2 (E.D. Va. Dec. 5, 2012); *Correll v. Bank of Am., N.A.*, No. 2:11cv477,

---

[9] Issued in 2009 by the United States Treasury, HAMP Supplemental Directive No. 09-01 provides "that foreclosure cannot proceed while a HAMP loan modification is pending." *Condel*, 2012 WL 2673167, at *6.

2012 WL 348594, at *4 (E.D. Va. Feb. 2, 2012); *McInnis v. BAC Home Loan Servicing, LP*, No.

2:11cv468-RAJ-TEM, 2012 WL 383590, at *3 (E.D. Va. Jan. 13, 2012); *Bourdelais v. J.P.*

*Morgan Chase Bank, N.A.*, No. 3:10cv670, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011).

As a matter of law, an alleged violation of HAMP regulations cannot support a breach of

contract claim. The Court will grant the Motion to Dismiss Count IV against M&T Bank.

### E.    The Hardnetts Fail to State a Claim for a Preliminary or Permanent Injunction Because They Cannot Show Success on the Merits

The Court will grant M&T Bank's Motion to Dismiss Count V of the Complaint because

the Hardnetts can show neither a likelihood of success, nor actual success, on the merits of their

underlying claims. "A preliminary injunction is 'an extraordinary remedy that may only be

awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Perry v. Judd*, 471 F.

App'x 219, 223 (4th Cir. 2012) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7,

22 (2008)). Such a remedy is "never awarded as of right." *Winter*, 555 U.S. at 24. "[G]ranting a

preliminary injunction requires that a district court, acting on an incomplete record, order a party

to act, or refrain from acting, in a certain way." *Hughes Network Sys. v. InterDigital Commc'ns*

*Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (citation omitted). Therefore, preliminary injunctions

are "to be granted only sparingly." *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 590–91 (E.D.

Va. 2008) (quoting *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524 (4th Cir. 2003)).

In order to be eligible for a preliminary injunction,[10] the party seeking such relief must

demonstrate each of the following factors:  (1) the likelihood of success on the merits; (2) the

likelihood of irreparable harm in the absence of preliminary injunctive relief; (3) the balance of

equities between the parties tips in favor of the party seeking such relief; and, (4) the public

---

[10] A decision to grant a preliminary injunction lies within the sound discretion of the
district court. *Perry*, 471 F. App'x at 223 (citation omitted).

interest. *Winter*, 555 U.S. at 20; *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010). The Hardnetts, as the party seeking a preliminary injunction, bear the burden of establishing that each factor supports granting the injunction. *Real Truth*, 575 F.3d at 346. Each factor must be demonstrated by a "clear showing." *Winter*, 555 U.S. at 22. The failure to show any one of the relevant factors mandates denial of the preliminary injunction. *Real Truth*, 575 F.3d at 346. "The same standard applies to obtain a permanent injunction, except that actual success on the merits, instead of a likelihood of success, is required." *Grenadier*, 2015 WL 417830, at *11 (citing *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987))

Here, as extensively discussed above, the Hardnetts have not stated a claim for which relief can be granted on any of their underlying claims. Therefore, they can show neither a likelihood of success, nor actual success, on the merits of those claims. The Hardnetts have not "demonstrated entitlement to injunctive relief." *Grenadier*, 2015 WL 417830, at *11; *Jesse*, 882 F. Supp. 2d at 889. The Court will grant the Motion to Dismiss Count V of the Complaint against M&T Bank.

## F.     The Hardnetts' Declaratory Judgment Claim Seeks No Relief Independent of Their Other Claims

The Court will grant M&T Bank's Motion to Dismiss Count VI of the Complaint because declaratory relief serves no useful purpose in these circumstances: the Complaint contains substantive claims that address the same conduct as the request for declaratory relief.

### 1.     Standard for Declaratory Judgment

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

14

jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Declaratory Judgment Act expressly states that district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In light of this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

A district court may decline to entertain a declaratory judgment claim when it has "good reason" to do so. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004). In determining whether to exercise declaratory jurisdiction, this Court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (citation omitted). Because the requested declaratory judgment serves neither of these objectives, the Court will dismiss Count VI of the Complaint.

"[C]ourts have repeatedly recognized that [a] declaratory judgment serves no useful purpose when it seeks only to adjudicate . . . already existing claim[s]." *Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, No. 3:12cv49, 2014 WL 652253, at *2 (W.D. Va. Feb. 19, 2014) (second alteration in original) (citing cases); *see Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 511–12 (E.D. Va. 2014) (citations omitted); *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 79–80 (E.D. Va. 1991) (dismissing declaratory judgment claim brought by insured against insurer because the declaratory judgment would serve no useful purpose in clarifying the contractual issues before the court).

15

**2.    The Declaratory Judgment Requests Serve No Useful Purpose Because the Hardnetts Seek Only to Adjudicate Already Existing Claims**

The Court will grant M&T Bank's Motion to Dismiss Count VI of the Complaint because its allegations mirror those in the Hardnetts' other claims. In Count VI, the Hardnetts seek a declaration that the scheduled foreclosure is "[w]rongful in letter and spirit," (Compl. ¶ 42), the same relief sought in the Hardnetts' substantive claims. Further, the "same conduct underlies [the Hardnetts'] claims for declaratory judgment and breach of contract." *Metra Indus.*, 2014 WL 652253, at *2. "Because the declaratory judgment claim 'seeks the resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action,'" the claim for declaratory relief is duplicative, and permitting it to proceed will not serve a useful purpose. *Metra Indus.*, 2014 WL 652253, at *2 (citation omitted). Count VI of the Complaint fails to state a proper claim for declaratory relief. The Court will grant M&T Bank's Motion to Dismiss Count VI of the Complaint.

## IV. Analysis: Abatement

Pursuant to Federal Rule of Civil Procedure 4(m),[11] a plaintiff must serve a defendant within 90 days after the plaintiff files the complaint. Fed. R. Civ. P. 4(m). United States

---

[11] Rule 4(m) states, in pertinent part:

**(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

District Court for the Eastern District of Virginia Local Civil Rule 4(A)[12] extends this deadline to

120 days. E.D. Va. Loc. Civ. R. 4(A). The Hardnetts filed their Complaint on October 19, 2015.

(ECF No. 1.) Although a summons issued to Atlantic Law Group, nothing on the docket

indicates that it was served. (ECF No. 2.) No summonses appear to have been issued or served

on any of the John Doe defendants. The Hardnetts' failure to serve these defendants violates

Federal Rule of Civil Procedure 4(m) and Local Civil Rule 4(A). Accordingly, the Court will

order the Clerk to send its Notice of the Clerk's Intention to Proceed with Abatement as to

service on Defendants Atlantic Law Group and John Does 1–10. The Court notifies the

Hardnetts that their continued violation of these rules, absent good cause, will result in dismissal

of this action without prejudice within 15 days of the Clerk's issuance of the Notice.

### V. Conclusion

For the foregoing reasons, the Court will grant M&T Bank's Motion to Dismiss. (ECF

No. 4.) The Court will further order the Clerk to send to the Hardnetts a Notice of the Clerk's

Intention to Proceed with Abatement as to service on defendants Atlantic Law Group and John

Does 1–10. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: **August 31, 2016**
Richmond, Virginia

---

[12] Local Rule 4(A) states, in pertinent part:

Unless, within one hundred and twenty (120) days after the complaint is filed, a
defendant has been served, or has appeared or has waived service, the Clerk shall
abate the action and dismiss it without prejudice as to such defendant(s) after
having given, but received no response to, the notice required by Fed. R. Civ.
P. 4(m).

E.D. Va. Loc. Civ. R. 4(A).